13 CIV 3312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

S.G.

                Plaintiff,

         - against -

NEW YORK CITY DEPARTMENT OF EDUCATION;
NEW YORK CITY BOARD OF EDUCATION;
CHANCELLOR DENNIS WALCOTT, IN HIS OFFICIAL
CAPACITY

                Defendants

Civ No

COMPLAINT

RECEIVED
MAY 16 2013
U.S.D.C. S.D. N.Y.
CASHIERS

---

## PRELIMINARY STATEMENT

1.    This is an action to recover attorneys' fees and costs that Plaintiff incurred and

owes his attorneys in the course of an administrative proceeding brought under

the Individuals with Disabilities with Education Improvement Act ("IDEA"), 20

U.S.C. §1410, *et. seq.* and 42. U.S.C. §1983.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's federal claim for an award of

reasonable attorneys' fees to a prevailing party in an administrative proceeding

under the IDEA pursuant to 20 U.S.C. §1415(i)(3)(A), 42 U.S.C. §1988, and as an

action raising a federal question under 28 U.S.C. §1331.

3.    Venue lies in the Southern District of New York pursuant to 28 U.S.C.

§1391(b)(2) as the judicial district in which Defendants are situated and/or reside.

## PARTIES

4.      Plaintiff S.G. is the father and natural guardian of A.G., a child with a disability.

5.      S.G. and A.G. reside in Queens, N.Y.

6.      Upon information and belief, Defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION ("Department" or "DOE"), is the official body charged with the responsibility for developing policies with respect to the administration and operation of the public schools in the City of New York, including programs and services for students with disabilities.  N.Y. EDUC. LAW §§ 2590, 2590-g (McKinney 1980).  It is a recipient of federal financial assistance.

7.      Defendant THE NEW YORK CITY BOARD OF EDUCATION ("the Board of Education" or "the Board") was or continues to be the official body charged with the responsibility of developing policies with respect to the administration and operation of the public schools in the City of New York.  It is a recipient of federal financial assistance.

8.      Upon information and belief, Defendant, DENNIS WALCOTT, is the Chancellor of the New York City School District ("the Chancellor") and as such is entrusted with the specific powers and duties set forth in N.Y. EDUC. LAW § 2590-h.

## FACTS

9.      Plaintiff retained the services of Friedman & Moses, LLP ("F&M") for the purposes of bringing an impartial due process hearing ("Impartial Hearing")

against the Defendants pursuant to the IDEA and other laws to address, *inter alia*, a denial of a Free Appropriate Public Education ("FAPE"), discrimination and lack of adequate evaluations for A.G.

10.     F&M's offices are located in Manhattan.

11.     By letter dated March 22, 2010, S.G. on his own and A.G.'s behalf filed a *pro se* request for an Impartial Hearing upon the Defendants. Defendants' case number for the Impartial Hearing was 126861.

12.     On April 9, 2010, S.G. retained F&M for legal services and representation.

13.     F&M subsequently entered an appearance in the hearing.

14.     The Defendants refused to settle the matter and several impartial hearing dates were scheduled, prepared for and then adjourned.

15.     The requested Impartial Hearing was held on one hearing date in 2010.

16.     On May 19, 2010, the IHO issued a Findings of Fact and Decision on behalf of the parents.  On May 25, 2010, the IHO issued an Amended Findings of Fact and Decision on behalf of the parents (the "Final Order").

17.     The Final Order afforded S.G. the relief he sought in the hearing.

18.     S.G. is a prevailing party in the Impartial Hearing and, as such, is entitled to satisfaction of his debt for attorney's fees.

19.     F&M has made a written demand upon Defendants for payment of reasonable attorneys' fees in connection with its representation of Plaintiff and his child at the impartial hearing, and then attempted to further resolve the matter.

20.     As of the date this action is being filed, the parties were not able to finalize a settlement agreement.

21.     The time expended by F&M's attorneys and paralegals in connection with the

Impartial Hearing and this action for fees were reasonable in relation to the legal

services requested and performed.

22.     The fees being charged pursuant to the retainer are below market rates for the

legal services performed in light of the experience and expertise of counsel and

the complexity involved.

WHEREFORE, S.G. respectfully requests that the Court:

(a) Assume jurisdiction of this action under 42 U.SC. §1988 and 20 U.S.C. §1415;

(b) Award Plaintiff's reasonable attorneys' fees in the amount of  $35,407.50, in

accordance with his status as a prevailing party in the Impartial Hearing;

(c) Award Plaintiff's reasonable attorneys' fees and costs, in an amount to be

determined at trial, incurred in connection with the successful prosecution of this

action to recover reasonable attorneys' fees incurred in connection with the

impartial hearing;

(d) Award such other and further relief as to the Court may seem just and proper.

Dated:          May 15, 2013
                New York, New York


Respectfully submitted,

FRIEDMAN & MOSES, LLP

By

Elisa Hyman, Esq. (EH 4709)
Attorneys for the Plaintiffs
233 Broadway, Suite 901
New York, NY 10279
646-572-9064